646 N.W.2d 699 (2002)
2002 ND 111
In the Interest of R.K., a child.
Vince Ament, Petitioner,
v.
R.K. (Child), M.R. (Mother), Respondents,
D.K. (Father), Respondent and Appellant, and
M.R. and P.R. (Grandparents), Intervenors and Appellees.
No. 20020013.
Supreme Court of North Dakota.
July 11, 2002.
*700 Rhonda R. Ehlis (on brief), Hardy, Maus & Nordsven, P.C., Dickinson, for respondent and appellant.
Cynthia G. Schaar (on brief), Merrick & Schaar Law Firm, Jamestown, for intervenors and appellees.
KAPSNER, Justice.
*701 [¶ 1] D.K. ("Don")[1] appealed from a juvenile court order, entered December 12, 2001, placing his son, R.K. ("Robert"), in the custody of the child's maternal grandparents for a period of six months, upon finding Robert is a deprived child. We hold the juvenile court erred in placing temporary custody with the maternal grandparents under the circumstances of this case, without explaining why Robert's father should not be awarded custody. We reverse and remand for further proceedings consistent with this opinion.

I
[¶ 2] Robert was born in 1999 to Don and M.R. ("Maria"). Although Don and Maria were never married, they lived together in Jamestown for about one month after Robert was born. Don then moved to Dickinson while Maria assumed physical custody of Robert and remained in Jamestown, where her extended family, including her parents, also resides. Don married C.K. ("Cathy") on January 19, 2001. They reside in Dickinson and have a one-year old son. While in Maria's physical custody, Robert has had one-week and longer visitations with Don "once a month or once every other month."
[¶ 3] Beginning in September 2000, the Stutsman County Social Service Board completed several assessments regarding possible abuse and neglect of Robert by Maria. An assessment conducted in February 2001 resulted in a finding of risk for neglect. Services were recommended for Maria, including parent aide services and psychological and alcohol evaluations.
[¶ 4] On August 12, 2001 Robert was removed from Maria's home. By order of the juvenile court, dated August 14, 2001, Robert was temporarily placed in the custody of the Stutsman County Social Service Board for a period not to exceed 60 days. The Board placed Robert in the home of his maternal grandparents and petitioned the juvenile court to find Robert a deprived child and to make an appropriate award of custody. The petition alleged Maria left Robert unattended in an apartment while she was out and on another occasion left Robert sleeping inside a parked car while she was attending an outdoor party.
[¶ 5] After a hearing, the juvenile court found by clear and convincing evidence that Robert is a deprived child. The court specifically found "the use of alcohol by the mother has prevented her from providing adequate consistent care for the child." The court temporarily placed Robert in the custody of his maternal grandparents, M.R. ("Mary") and P.R. ("Paul"), for a period of six months. The court ordered Maria to complete an alcohol evaluation, to get recommended treatment, and to complete parenting classes. Don appealed from the juvenile court's order, asserting the court erred in placing Robert with his maternal grandparents instead of with the child's biological father.

II
[¶ 6] Under N.D.C.C. § 27-20-02(8)(a), a deprived child is one who:
Is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health, or morals, and the deprivation is not due primarily to the lack of financial means of the child's parents, guardian, or other custodian.
A finding of deprivation must be supported by clear and convincing evidence. Eastburn v. B.E., 545 N.W.2d 767, 770 (N.D.1996). If the juvenile court finds a child is *702 deprived, the court can make an order of disposition under N.D.C.C. § 27-20-30, which provides in relevant part:
1. If the child is found to be a deprived child, the court may make any of the following orders of disposition best suited to the protection and physical, mental, and moral welfare of the child:
a. Permit the child to remain with the child's parents, guardian, or other custodian, subject to conditions and limitations as the court prescribes, including supervision as directed by the court for the protection of the child.
b. Subject to conditions and limitations as the court prescribes, transfer temporary legal custody to any of the following:
(1) Any individual who, after study by the juvenile supervisor or other person or agency designated by the court, is found by the court to be qualified to receive and care for the child.
(2) An agency or other private organization licensed or otherwise authorized by law to receive and provide care for the child.
(3) The director of the county social service board or other public agency authorized by law to receive and provide care for the child.
(4) An individual in another state with or without supervision by an appropriate officer under section 27-20-40.
In making a disposition under this statute, the court applies the same "best interests of the child" concept as is applied when making a custody determination in a divorce action. Hust v. Hust, 295 N.W.2d 316, 319 n. 1 (N.D.1980).
[¶ 7] Our review of a juvenile court order is comparable to a trial de novo whereby this Court may reexamine the evidence. In re C.H., 2001 ND 37, ¶ 9, 622 N.W.2d 720. Although our review is not limited to determining whether the juvenile court's findings are clearly erroneous, we nevertheless give appreciable weight to the findings of the juvenile court because that court heard the testimony and had the opportunity to observe the candor and demeanor of the witnesses. Id.

III
[¶ 8] The juvenile court found Robert is a deprived child, because his mother was unable to provide adequate consistent care for him. Maria has not appealed from the juvenile court's order, and its finding of deprivation is not disputed. Rather, Don asserts the trial court, upon finding Robert to be deprived while in Maria's custody, erred in not placing Robert in Don's custody. Don asserts the juvenile court should have awarded him custody of Robert and the court could not give custody to the maternal grandparents or any other third party, without finding there were exceptional circumstances requiring such placement to prevent serious detriment or harm to Robert.
[¶ 9] Although the juvenile court has considerable latitude when making a custody disposition under N.D.C.C. § 27-20-30, the court must make its disposition in accordance with the express purpose of the Uniform Juvenile Court Act and within the framework of our law regarding parent and child relationships. Section 27-20-01, N.D.C.C., states that it is the public purpose of the Uniform Juvenile Court Act to provide for the care, protection, and development of children "in a family environment whenever possible, separating the child from his parents only when necessary for his welfare or in the interest of public safety." It is well settled *703 that parents have a paramount and constitutional right to the custody and companionship of their children superior to that of any other person. Hamers v. Guttormson, 2000 ND 93, ¶ 5, 610 N.W.2d 758. In a custody dispute, an award of custody to a third party rather than to one or both or the child's natural parents is error unless exceptional circumstances require that the child be placed in the custody of someone other than a parent to prevent serious harm or detriment to the welfare of the child. Id.; see also In re Lukens, 1998 ND 224, ¶ 6, 587 N.W.2d 141.
[¶ 10] The juvenile court's conclusion that Robert is a deprived child was specifically based upon its finding that Robert's mother is incapable of providing adequate care for him. The court did not make a similar finding with regard to Robert's father, Don. This Court has stated that the definition of a deprived child "is broad enough to encompass a child whose parent, while never having had the opportunity to care for the child, is shown to be presently incapable of providing proper parental care for the child." In Interest of J.L.D., 539 N.W.2d 73, 76 (N.D.1995). Prognostic evidence may be relied upon to show that a child is a deprived child if the parent, although not having custody of the child, would be presently unable to supply physical and emotional care for the child. In Interest of T.J.O., 462 N.W.2d 631, 633 (N.D.1990).
[¶ 11] The Stutsman County Social Service Board requested the Stark County Social Service Board to conduct a home study of Don and his family in Dickinson. As a result of the home study, both social service agencies concluded Don is a fit parent who is presently capable of providing proper parental care and control for Robert, and both agencies recommended that Robert be placed in Don's custody. No home study or other evaluation was conducted to determine the qualifications of the maternal grandparents to care for a child.

IV
[¶ 12] In making its temporary custody placement, the juvenile court made no findings that there exist exceptional circumstances requiring Robert to be placed with a third party rather than with his father to prevent serious harm or detriment to Robert. Absent exceptional circumstances, a natural parent is entitled to custody of his or her child, even though a third party may be able to offer more amenities. Hamers, 2000 ND 93, ¶ 9, 610 N.W.2d 758.
[¶ 13] When the juvenile court finds a child to be deprived, the court has authority under N.D.C.C. § 27-20-30 to make a dispositional order "best suited to the protection and physical, mental, and moral welfare of the child." However, in entering its order, the court cannot disregard the purpose of the Uniform Juvenile Court Act, as expressed under N.D.C.C. § 27-20-01, to provide for the care, protection, and welfare of the child "in a family environment whenever possible, separating the child from his parents only when necessary."
[¶ 14] Under these circumstances, we conclude it was error for the trial court to place Robert in the custody of his maternal grandparents, without explaining why Robert should not instead be placed in his father's custody. We, therefore, reverse the court's order and remand for further proceedings consistent with this opinion.
[¶ 15] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.
NOTES
[1] All names in parentheses following initials are pseudonyms.